[No. 5127.]
[No. 2716 C. A.]

## GARBANATI v. JOHNSON ET AL.

1. **Appellate Practice—Admission of Evidence—Exhibits Not in Abstract.**

   Alleged error of the court, in admitting certain exhibits in evidence, should not be considered on appeal where such exhibits are not set forth in the abstract.—P. 358.

2. **Appellate Practice—Judgment—Partnership—Presumption—Estoppel.**

   Where judgment was rendered against a partnership and there was evidence tending to show that plaintiff in error recognized his co-defendant as a partner, it will be presumed on appeal, in the absence of a showing to the contrary, that the court

found that a partnership existed or that the plaintiff in error was estopped to deny it.—P. 358.

*Error to the County Court of La Plata County.*
*Hon. C. A. Pike, Judge.*

Action by Gus E. Johnson and Leon Ashbach against Henry Garbanati and one Mershon, copartners, doing business as Garbanati & Mershon. From a judgment in favor of plaintiffs, defendant Garbanati brings error.        *Affirmed.*

Mr. H. GARBANATI, for plaintiff in error.

Mr. N. C. MILLER, for defendants in error.

Mr. JUSTICE STEELE delivered the opinion of the court:

A judgment against Garbanati & Mershon was rendered by the county court of La Plata county. The case was taken by writ of error to the court of appeals. The court erred, it is said, in admitting in evidence certain exhibits produced by the plaintiffs. As these exhibits are not set forth in the abstract, we should not pass upon the objection. The judgment should not be disturbed. The defense was, that there was no partnership existing between the defendants. It was admitted that materials were furnished, and the reasonable value thereof is not in dispute. As the court rendered judgment against the defendants, it must have found either that a partnership existed or that the defendant, Garbanati, was estopped to deny the partnership. There was evidence tending to show that Garbanati recognized Mershon as his partner. We cannot say that the finding was so manifestly against the weight of the evidence as to warrant a reversal of the judgment, and it must be affirmed.        *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur.